# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA LAKE STEVENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:25-CV-01618 RWS |
| | ) |
| MICHAEL SHEWMAKER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Petitioner Joshua Steven's application for writ of habeas corpus, as well as his motion to proceed in forma pauperis in this matter. [ECF Nos. 1, 2]. Joshua Stevens is currently incarcerated at the South Central Correctional Center (SCCC) in Licking, Missouri. As discussed below, the Court has reviewed Steven's filings and believes that this case, although styled as a habeas corpus action, is best interpreted as a civil rights case, brought pursuant to 42 U.S.C. § 1983. To correct this pleading deficiency, the Court will deny petitioner's request to proceed in forma pauperis in a habeas action and direct petitioner to file an amended complaint on the Court-provided Prisoner Civil Rights Complaint form. Also, the Court will order petitioner to submit an Application to Proceed without Prepayment of Fees or Costs in a § 1983 action, as well as a certified prison account. Petitioner's motion for appointment of counsel will be denied, without prejudice. [ECF No. 3].

### The Petition

On October 30, 2025, petitioner filed correspondence titled, "Informal Writ of Habeas Corpus." [ECF No. 1]. In his correspondence he states that his First Amendment rights have been violated, most recently at Fulton Reception and Diagnostic Center (FRDC) in Fulton, Missouri,

where staff "repetitively refused to send [his] mail to the President of the United States." *Id.* at 1. Petitioner asserts that he is allowed to redress his case because he was "not arrested at that location," and he claims that this is his "fifth attempt to contact" the Court by mail. *Id*. at 1-2.

Petitioner states that upon attempting to write to the President, some of his legal work was taken from him and he was thrown in the "hole." As noted above, petitioner is currently incarcerated at SCCC. It is not readily apparent how his current place of incarceration effects his civil rights claims in this action. Petitioner has not included a claim for relief.

### Motion to Proceed in Forma Pauperis

At the same time as he filed his petition, petitioner submitted a form Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases. [ECF No. 2]. On that form, petitioner states that he is not employed, and he was last employed in August of 2023.

Under the Court's Local Rule 2.05(A), the Court may require the submission of additional information when in forma pauperis status is sought from the Court. For example, the Court's form Application to Proceed without Prepayment of Fees or Costs – which is usually submitted by prisoner plaintiffs filing civil rights complaints under 42 U.S.C. § 1983 – states that if a prisoner is incarcerated and he has a prison account at the institution at which he is being held, he is required to submit a certified prison account statement with his motion to proceed in forma pauperis. This prison account statement is needed by the Court to calculate a prisoner's initial partial filing fee amount. *See* 28 U.S.C. § 1915(b)(1).

The Court will deny petitioner's current motion to proceed in forma pauperis brought in his habeas case without prejudice and require petitioner to submit an Application to Proceed without Prepayment of Fees or Costs in a § 1983 action if he wishes to pursue proceeding as a pauper. He will also be required to submit his prison account statement from SCCC showing his

2

prison account for the six months preceding the filing of the current action. If petitioner chooses instead to pay the full filing fee in this action, he will be required to pay $405.

## Discussion

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by a prisoner to see what type of action he is seeking. If a prisoner is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action.  However, if prisoner is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, petitioner does not state what relief he seeks in filing this matter. However, he is clearly complaining about the circumstances or conditions of confinement when he states that he is being denied access to the courts and his legal materials. He does not challenge the validity or duration of his confinement. As such, this matter is more properly brought as a civil rights action.

The Court will order petitioner to amend his complaint on a court-provided Prisoner Civil Rights Complaint Form and, assuming he maintains an account at SCCC, produce a certified prisoner account statement. After petitioner complies with the aforementioned, he will be assessed

3

an initial partial filing fee based on his ability to pay a portion of the filing fee and this case will be reviewed pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim.

Petitioner shall have thirty (30) days from the date of this Order to file his amended complaint. He is warned that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims he wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. If petitioner fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice and without further notice.

**Motion for Appointment of Counsel**

Petitioner has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent [prisoner] has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts,

the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis in this habeas action [ECF No. 2] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to petitioner a copy of the Court's Prisoner Civil Rights Complaint form and an Application to Proceed without Prepayment of Fees or Costs.

**IT IS FURTHER ORDERED** that petitioner shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, petitioner shall either pay the full filing fee of $405 or file a completed Application to Proceed in District Court Without Prepaying Fees or Costs along with a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 4th day of November, 2025.

                                                 RODNEY W. SIPPEL
                                                 CHIEF UNITED STATES DISTRICT JUDGE