UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA LUKE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01618 RWS |
| | ) | |
| MICHAEL SHEWMAKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion of self-represented Plaintiff Joshua Stevens for Leave to Proceed in Forma Pauperis. [ECF No. 9]. Also before the Court is Plaintiff's second Motion for Appointment of Counsel. [ECF No. 6].

Having reviewed the Motion for Leave to Proceed in Forma Pauperis and the financial information submitted in support, the Court has determined Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $25.67. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will require Plaintiff to submit a Second Amended Complaint on a Prisoner Civil Rights Complaint form. Plaintiff will be given 21 days to submit his Second Amended Complaint. Plaintiff's Motion for Appointment of Counsel will be denied without prejudice. [ECF No. 6].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $72.17, and an average monthly balance of $128.39. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.67, which is 20 percent of Plaintiff's average monthly balance.

## The Amended Complaint

Plaintiff Joshua Stevens, an inmate at South Central Correctional Center (SCCC) in Licking, Missouri, filed a handwritten Civil Complaint on October 30, 2025. [ECF No. 1]. Plaintiff's Civil Complaint was styled as a habeas corpus action, although his claims were best interpreted as a civil rights case under 42 U.S.C. § 1983. Accordingly, on November 4, 2025, the Court ordered Plaintiff to Amend his Complaint on a Court-provided Prisoner Civil Rights Complaint form. [ECF No. 4]. Plaintiff submitted the Amended Complaint on December 3, 2025. [ECF No. 8]. Although Plaintiff filed an Amended Complaint on a Court-form, he failed to complete the "Statement of Claim" portion of the Complaint. Instead, Plaintiff wrote:

> I need an attorney for this, the matter is exceedingly complex, an investigation is needed, I have no legal expertise, and it is in both the Courts [sic] and my own best interests [sic] to appoint assistance of counsel.

[ECF No. 8 at 3]. Plaintiff, however, failed to indicate what made the case so complex or why he believed he was unable to state his claims on his own behalf. In the Motion for Appointment of Counsel filed on November 24, 2025, Plaintiff also failed to indicate why he could not bring claims on his own behalf. [ECF No. 6].

Plaintiff additionally left the "Injuries" section of the Amended Complaint blank, as well as the "Relief" section. [ECF No. 8 at 4-5]. Plaintiff has also failed to indicate in his Amended Complaint whether he fully exhausted his administrative remedies at the Missouri Department of Corrections prior to bringing his claims before the Court. *Id.* at 5-7.

### Discussion

Because Plaintiff has failed to articulate why he is unable to proceed on his own behalf, this Court finds that Plaintiff is required to fill out *all sections* of the Court-form to pursue a case in this Court. And as a self-represented litigant, he is also required to follow both this Court's Local Rules and the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000). The Court will provide Plaintiff 21 days to submit a Second Amended Complaint on a Court-provided form in accordance with the instructions set forth below.

In the "Statement of Claim" section of the Complaint form, Plaintiff is required to fill in the facts relating to his claim or claims. And he must connect each claim to each named defendant. Plaintiff should not cite to any caselaw in the "Statement of Claim." Rather, he should simply set forth what happened to him, when it happened, where it happened, what injuries he suffered, and what each defendant did to harm him.

Under the "Injuries" section of the Complaint form, Plaintiff should simply describe if he has any physical, mental or emotional injuries because of the alleged conduct he is complaining of

in the Second Amended Complaint. If he received treatment for the alleged wrong, he should mention what treatment was received. Under the "Relief" section of the Second Amended Complaint, Plaintiff should state whether he is requesting money damages and whether they are made up of actual damages or punitive damages. Plaintiff should also explain why he believes he is entitled to those damages.

Plaintiff is also required to explain what action he has taken to address his administrative remedies at the Missouri Department of Corrections. For example, he should indicate if he has filed an IRR, grievance or grievance response relative to his claims. Plaintiff must have filed these documents at the Missouri Department of Corrections before filing suit in this Court.

If Plaintiff fails to file his Second Amended Complaint on a Court-provided form within 21 days of the date of this Order, the Court will dismiss this action without prejudice and without further notice.

## Motion for Appointment of Counsel

Plaintiff has filed a new Motion for Appointment of Counsel. [ECF No. 6]. The Motion will be denied at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity

of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, and the factors distinguished in the "Amended Complaint" section above, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has not indicated in his memoranda before the Court why it is necessary to have counsel appointed to him. He has not provided any facts indicating why he cannot fill out the necessary Complaint form to present his claims to this Court. As such, the Court will deny Plaintiff's Motion for counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $25.67 within **21 days of the date of this Order**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff two copies of the Court's Prisoner Civil Rights Complaint forms.

**IT IS FURTHER ORDERED** that Plaintiff must file a Second Amended Complaint, in accordance with the instructions set forth above, on the Court's form **within 21 days of the date of this Order**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 6] is **DENIED without prejudice at this time.**

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of December, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE